## SUCCESSION OF SINNOTT.

A legatee of the usufruct of the only immovable property of a succession, though under a particular title, must be considered as an universal legatee of the usufruct, and his obligations in regard to debts to which the immovable is to contribute must be governed by the

SUCCESSION
OF
SINNOTT.

rules relating to legatees under an universal title; and where property is encumbered by a mortgage created by the testator, even were the devise of the usufruct to be considered a special legacy, the heir would not be bound, in the absence of any express provision in the will to that effect, to discharge the mortgage. C. C. 1631.

APPEAL from the District Court of Jefferson, *Clarke,* J. *Wilde* and *Micou,* for the appellant. No other counsel appeared in the case. The judgment of the court was pronounced by

KING, J. *William Sinnott* died leaving the following will:

"It is my wish and desire, and I hereby authorize and empower my executor hereinafter, named to emancipate according to law, and as soon as may be after my decease, my mulatto slave boy named *Thomas;* and I give, devise, and bequeath to the said boy *Thomas,* all my estate, real and personal, of whatever nature or kind, including my house and lot situated on Camp street, in the city of New Orleans. It is my will and desire that my wife *Jane Moore Sinnott* shall have the use of my house and lot aforesaid, and of the rents to arise therefrom, during her life. I institute the said mulatto boy *Thomas* my universal heir. I hereby appoint *Isaac Phillips,* of the city of Lafayette, executor of this my last will, and detainer of my said estate, for the purposes hereinafter expressed; and I do hereby revoke and annull all former wills, if any, by me heretofore made, declaring this to be my only and last will."

The boy *Thomas,* who was the natural son of the testator, and who was acquired upon the express condition that he should be liberated as soon as it could be legally done, was emancipated in conformity with the directions of the will, and the executor was appointed his tutor. The only remaining property of the deceased was the house and lot on Camp street, mentioned in the will, and this was encumbered with a mortgage created by the testator to secure a debt of about $400, which debt appears to be the only one now due by the succession. A family meeting of the minor advised the sale of this property for the purpose of discharging the debt; whereupon *Phillips,* in his capacity both of executor and tutor, took a rule upon *Jane Sinnott,* the widow of the deceased, and legatee of the usufruct, to show cause why the lot should not be sold in conformity with this advice. To this rule she answered: That she was a special legatee of a usufruct of the lot for her life, and that the minor, *Thomas,* was the universal heir or legatee; that consequently her interest in the succession could not be sold to pay the debt, until his share had first been discussed. The rule was made absolute, and a decree rendered for the sale of the property, from which *Jane Sinnott* has appealed.

The appellant contends: 1st. That having a particular legacy she is entitled to be paid in preference to the minor. who is a universal legatee. 2d. That the usufructuary is not bound to pay the debt of the testator, even though it be a mortgage debt on the property upon which the usufruct is constituted. 3d. That although the whole property is subject to the debt, yet, between the particular and the universal legatee, the share of the latter is first to be discussed, before touching the former; and that the testator, by creating a usufruct upon the property, has, in effect divided it into two distinct parts or estates.

In support of these positions the appellant relies on the 1627th, the 575th, and the 578th articles of the Civil Code. The first of those articles declares that particular legacies must be discharged in preference to all others, even though they exhaust the whole succession. The second provides that, " the usufructuary on a particular title is not bound to pay the debts for which the estate is mortgaged; if he be compelled to pay them,-he has his action against

the owner, subject to the provisions contained in the title of donations *inter vivos* and *mortis causa*." This article is a literal copy of the 611th article of the Napoléon Code, which has received an interpretation from the french tribunals in a case in which the question now raised was presented, and under circumstances very similar to those of the present suit. It was there held that the usufructuary of the only immovable property of the succession, although under a particular title, is to be considered as the universal legatee of the usufruct, and that his obligations in regard to the debts to which the immovable was to contribute were to be governed by the rules in relation to legatees under an universal title. Jurisprud. du Code Civil, vol. 5, pp. 101, 104. This construction appears to us to be reasonable, and consistent with the remaining dispositions of the Code upon the same subject.

In the present instance the only property of the deceased, after the emancipation of his child, whom he was bound to liberate, was the house and lot in question. Although, by the terms of the bequest, the appellant appears to be a legatee under a particular title, she is in reality the universal legatee, the usufruct extending to all the property of the testator. The rights of the parties are to be governed by the 578th and 579th articles of the Code, under which the appellant may advance the sum necessary to discharge the debts of the succession, to be returned without interest at the expiration of the usufruct. Failing to do so the heir may cause the property to be sold for the payment of the debts.

But even if the devise to the appellant were considered to be a special legacy, the heir would not be bound to discharge the mortgage on the property created by the testator, there being no express provision in the will to that effect. Civil Code, art. 1631.

The judgment of the District Court is therefore affirmed with costs, without prejudice to the right of the appellant to advance the sum necessary to pay the debts of the succession, under the dispositions of articles 578 and 579 of the Civil Code.