The opinion of the court was deliverd by
Miller, J.
The question in this ease is whether the special legatee of the immovable is bound for the debt contracted by the testator, subsequent to the will, and which he secures by mortgage on the immovable. The judgment of the lower court made the heirs and executors liable.
The articles of our code like those corresponding in the Napoleon •Code seem to exhibit some conflict. The articles, 1688, 1440, 1441, 1442 and 1444 all tend to pass the property to the special legatee subject to the mortgage, that is the executor, heir or universal legetee, is to deliver the immovable in the condition it is when the testator’s death occurs, and is not bound to discharge the mortgage debt. It is the explicit declaration of the first of these articles that, if prior to the testament or subsequently, the testator mortgages the subject of the special legacy, whether for his own or for the debt of another, the heir or universal legatee or executor is not bound to discharge the incumbrance, unless required by an express disposition of the testator. This article is found in that part of the Oode that treats of particular legacies, the rights of the legatee and the obligations of the executor and heirs of the testator, with respect to the legacy. Under one of the subdivisions of the rubric of the Oode, “ of the payment of the debts of the succession,” the four articles, 1440 to *1130 1444, declare the liability of the particular legatee to the hypothecary action of the creditor holding the mortgage on the property bequeathed, reserving to the legatee the right to abandon. If abandoned, there shall be no recourse of the legatee on the heir, for it is declared the legatee received the property subject to the incumbrance with which it is charged; if, on the contrary, the heir pays the mortgage, he shall recover from the special legatee for disengaging the thing bequeathed, which he was not obliged to do; and finally, if the mortgage was granted by the testator for the debt of a third person, in that case the articles confer on the legatee the right to recover from the third person the same as if the testator could if he had made that payment. The articles 1441 to 1444 were additions to the Code of 1825.
The jurists who reported the code of 1825 thuoght these four articles, 1441 to 1444, essential to settle the doubt they conceived to exist as to the non-liability of the heirs for the mortgage debt od the property specially bequeathed. That doubt they concieved to arise from Art. 226 of the Code of 1808 declaring the particular legatee paying the mortgage debt, should be subrogated to the creditor’s rights against the heir. The jurists advised the suppression of that article. But notwithstanding the recommendation the article found its way into the code of 1825 as Art. 1383, now 1434, of the Revised Code. Along with it, however, are the Arts. 1441 to 1444. It may well be that the insertion of these four consecutive articles, all distinctly affirming the liability of the special legatee, or at least of the property bequeathed for the mortgage debt, was deemed entirely sufficient to preclude any future doubt on that point. In that opinion we concur. The added articles are couched in the plainest language. They affirm the liability of the property the subject of the special legacy, for the mortgage debt resting on it. They expressly deny any such liability of the heir, and if he is compelled to pay, gives him an action to recover from the special legatee. This language, enough in itself, is aided by the light we have of the purpose of the additions to the code.
The jurists of 1825 had reason to suggest the divergent views of the French commentators on the articles in the Napoleon Code on the subject. Art. 1020 of that Code, corresponding with 163 of our Code, announced that the particular legatee was bound *1131 to pay the mortgaged debt on the thing bequeathed, unless the testator directed otherwise. But Art. 874 of the Napoleon Oode, like our Art. 1434, subrogated the legatee, who paid to the creditor rights against the heir. In favor of the liability of the heir were Marcade, 4th Vol. 95; Toullier, 5th Vol. 538; Ohabot and Laurent may be added, 14th Vol. 97. The jurists were impressed with the better opinion as they esteemed it, that unless charged by the testator there was no such liability of the heir as implied in Art. 874 of the Napoleon Oode. The discussion by some of the French jurists reconciles the seeming conflict between the articles of the Napoleon Oode, by supposing that the Art. 874, corresponding with our Art. 1434, applies only to general mortgages. If the special legatee pays the mortgage bearing on all the property of the succession, there is in the subrogation against the heir conferred in that case no inconsistency with the article that burdens only the property specially mortgaged with the mortgage upon it. Another and obvious mode of harmonizing the articles is that thus expressed : “ II faut entendre que Particle 874 s’applique aú cas ou Pheritier a ete charger par le testateur de fournir la chose leguee franche et quitte de toutes charges et Phypotheque, et dans tout autre cas Particle 1020 (i. e., that frees the heir or executor from any liability for the special mortgage) met Pheritier a l’abri du reeours de legutaire.” Gilbert Code Anotes. Notes to Art. 1020. There is still another view cited from Gilbert, suggested in Paillet Manuel de droit Frangais. Notes on Arts. 1020 and 874. We think that even under the articles in the Napoleon Code, and those in our Code before the additions of 1825, admitted of full effect on the familiar rule of interpretation that assigns to each its scope and gives effect to all.
The discussion with us however must be deemed closed. If Arts. 1441 to 1444 of our Oode had been in the Code Napoleon, it is not conceivable that the discussion of the French commentators could have ever occurred. As the Code now stands, there can be, in our view, no doubt the heir or executor is not bound to pay the mortgage debt on the property the subject of the special legacy, unless required by the will. There is in this case no such requirement. It is to be observed that our jurisprudence, as far as it goes, affirms our conclusion. Succession of Sinnott, 3 An. 175; Succession of Coste, 43 An. 144; Eskridge vs. Farrar, 34 An. 709.
It is therefore ordered, adjudged and decreed that the judgment *1132 of the lower court be annulled, avoided and reversed, and that there be and hereby is judgment in favor of defendants in rule, with costs.