(80 South. 659)

No. 22977.

## Succession of FATH.

(Jan. 6, 1919.  Rehearing Denied Feb. 6, 1919.)

*(Syllabus by Editorial Staff.)*

1. WILLS ⬤═849 — LEGACY — AMOUNT — REDUCTION.

A legacy of six-sevenths of the real estate of testatrix to widow and heirs of one of her three sons, exceeding the quantum which deceased might have disposed of, while not entirely null, if given as an extra portion, would be reducible to that quantum under Civ. Code, arts. 1502, 1511.

2. WILLS ⬤═585(1) — ADVANTAGE OR EXTRA PORTION—CONSTRUCTION.

A will giving all realty in equal shares to widow and six children of a deceased son, a legacy to each of three children of another son and to a daughter of another son, and any balance to the six grandchildren, did not intend that legacy of all realty should be an advantage or extra portion to them, in view of Civ. Code, art. 1233, relating to expression of terms, nor could court give them such advantage or extra portion as that would be making a will for deceased.

3. WILLS ⬤═456 — CONSTRUCTION — INTENTION OF TESTATOR.

In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained without departing from the proper signification of the terms of the testament.

4. WILLS ⬤═450, 470—CONSTRUCTION AS A WHOLE.

The intention of the testator is to be determined from the whole will and every word must have effect, if that can be done without defeating the general purpose of the will, which is to be carried into effect in every reasonable method.

5. WILLS ⬤═11—DISPOSITION—QUANTUM.

The intention of a testatrix to disregard the law reserving two-thirds of her estate to her forced heirs, and to dispose of her property by giving about six-sevenths of it to one set of grandchildren to the great disadvantage of two other sets of grandchildren, could not be effectuated.

6. WILLS ⬤═849—REDUCTION OF EXCESSIVE DISPOSITION.

Where testatrix gave a legacy of about six-sevenths of her realty to one of three sets of grandchildren, in excess of the quantum which she might have disposed of, but did not intend it as an advantage or extra portion, they would take realty or their shares therein fixed by the law, and the shares would be simply reduced, so that they would take one-third of the realty as forced heirs in the succession.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

In the matter of the succession of Mary Erhart Fath, deceased, in which Eugene Fath and others filed suit against Samuel Levy, executor, and the widow and children of Christopher Fath, deceased, asking for the nullity of the will. From a judgment of partial nullity, the executor by motion appeals, and Mrs. Fath and children appeal by petition.  Judgment affirmed.

Edgar M. Cahn, of New Orleans, for appellants Mrs. Christopher Fath and children.

Titche & Rogers and Victor K. Kiam, all of New Orleans, for appellant Saml. Levy.

Albert Guilbault, of New Orleans, for appellees Eugene, Lillian, and Michael Fath.

Martin H. Manion and Meyer S. Dreifus, both of New Orleans, for appellee Mrs. Mary Fath.

SOMMERVILLE, J.  Mrs. Fath left three sets of grandchildren, children of her predeceased sons, Christopher, Michael, and Joseph.  She also left an estate which has been inventoried at $9,155.36, $8,300 of which is real estate, and the balance is personal property.  To the widow and children of Christopher she gave all the real estate, which appears to be about seven-ninths of the entire estate.  The bequest in favor of the children of Christopher Fath is in excess of their shares, and it is illegal.  It is subject to reduction.

The children of Joseph and Michael Fath attacked the will in so far as the disposition in favor of the children of Christopher Fath was concerned, and asked that the legacy to those children be reduced to one-third of the

estate, after the payment of small legacies made in the will.

There was judgment in favor of the petitioners, and the widow and children of Christopher Fath have appealed.

The disposing part of the will which has been attacked is in the following words:

"To the widow and six children of my deceased son, Christopher, I give all my real estate in Algiers in equal shares to each of the seven. The property is on Bouny street. To each of the three children of my son, Michael Fath, I give $250.00. To Mary, the daughter of my son Joseph, I give $250.00. To St. Mary's Church I give the sum of $200.00 for masses for the repose of my soul. To Mary Nicholls, of Algiers, I give $25.00. To Judge Samuel Levy, of Algiers, I give $50.00. Any balance that may be left I give to my aforesaid six grand-children, the children of my son Christopher.

"I appoint Judge Samuel Levy, of Algiers, executor of my will without bond.

"I revoke, recall and destroy any will or wills I may have made, leaving this for my last will."

[1] The legacy of one-seventh of the real estate to Mrs. Christopher Fath is not attacked as she is a stranger to the succession; and it appears to be conceded that the legacy in her favor, together with the other small legacies made in the will, will not exceed the disposable portion of the estate.

It is quite evident that the legacy of six-sevenths of the real estate to the heirs of Christopher exceeds the quantum which the deceased might have disposed of; and while it would not be null in its entirety, if given as an extra portion, it would be reducible to that quantum. C. C. 1502.

"When the dispositions mortis causa exceed either the disposable quantum or the portion of that quantum that remains after the deduction of the value of the donations inter vivos, the reduction shall be made pro rata, without any distinction between universal dispositions and particular ones." C. C. 1511.

[2-5] The children of Christopher Fath claim that the legacy to them "is given as an extra portion and merely reducible so that they shall not infringe upon the légitime of the other heirs," and they referred to the will to uphold their contention. Plaintiffs deny that the will gives to defendants any "extra portion," and allege that the three sets of grandchildren are entitled to take the estate in equal portions.

The question submitted for decision is: Was the legacy of all the real estate to Mrs. Christopher Fath and her six children intended by the testatrix as an advantage or extra portion to' those children?

If it was so intended, the value of the object given would have to be reduced to the disposable portion.

The will does not say the children of Christopher Fath are given "an advantage" or "extra portion," but those words are not necessary.

"The declaration that the gift or legacy is intended as an advantage or extra portion may be made in other equivalent terms, provided they indicate, in an unequivocal manner that such was the will of the donor." C. C. 1233.

"In the interpretation of acts of last will the intention of the testator must principally be endeavored to be ascertained without departing, however, from the proper signification of the terms of the testament.

"The cardinal rule for the interpretation of wills is to ascertain the intention of the testator; * * * it is * * * the 'sovereign guide,' * * * the 'pole star' whither all must look who would find that meaning." Succession of Burnside, 35 La. Ann. 715.

"Every part of the will must be considered.

"The intent of the testator is to be determined from the whole will. Every word shall have effect if it can be done without defeating the general purpose of the will which is to be carried into effect in every reasonable method." La. Digest, vol. 2, p. 1011, citing many authorities; Gueydan v. Montagne, 109 La. 38, 33 South. 61.

The will does not contain the words "preference," "advantage," "extra portion," or "dispense with collation"; and the equivalent of those words are not found therein. The language is simple and direct. It is:

"To the widow and six children of my deceased son, Christopher, I give all my real estate in Algiers in equal shares to each of the seven."

It cannot be inferred from the use of such language that the deceased intended to give the six children of her deceased son Christopher the extra portion of her estate which the law permitted her to dispose of. After making several small dispositions, the testatrix continues:

"Any balance that may be left I give to my aforesaid six grandchildren, the children of my son, Christopher."

And that balance is not given as "an extra portion."

The language or terms of the will, read in connection with the inventory which has been made in the succession, makes the intention of the testator quite evident. She intended to disregard the law which reserved two-thirds of her estate to her forced heirs, and to dispose of her property in her own way by giving about seven-ninths of it to one group of heirs to the great disadvantage of two other groups. . This, the law will not permit; and, as deceased did not say directly or indirectly that the children of Christopher should have an advantage, or extra portion, the court cannot give it to them, as that would be making a will for the deceased, which the court cannot do.

The legacy to the heirs of Christopher Fath is not null; but it is reducible to the value of their shares, under the law, in the succession of their grandmother.

It is stated on the brief for defendants:

"The intention to give an extra portion, or, in other words, to dispense with collation must, it is conceded, be shown in unambiguous terms, by the terms in her will. If that intention be not plain and indisputable, then the bequest or legacy to the heirs must be understood and enforced as conferring upon the legatees only their proper legal shares. If it is not construed as an extra portion, then all the heirs are to be placed upon an equality, and each must take as he would take ab intestato.

"If the will does not show in terms that are not unmistakable that the heirs are not to receive alike, there is no extra portion. The obligation to collate is presumed, and the language and dispositions of the will must be such as to evince unequivocally that the favored legatee is dispensed with collation."

The will of Mrs. Fath does not show unequivocally and unmistakably, or in any other way, that the children of Christopher Fath are to be preferred to her other heirs; and that they were to receive what was given to them as an advantage or extra portion. The language used by the deceased in her will with reference to the six children of Christopher is the same language used with reference to her other grandchildren. The will says:

"To the widow and six children of my deceased son, Christopher, I give all my real estate in Algiers in equal shares to each of the seven."

And, with reference to the other children, the will says:

"To each of the three children of my son, Michael Fath, I give $250.00. To Mary, daughter of my son, Joseph, I give $250.00."

And defendants say in their answer:

"Respondent admits the allegation contained in paragraph 5 of plaintiff's petition to the effect that the dispositions in said will bequeathing $250.00 each to the three children of the late Michael Fath do not constitute an extra portion."

The two positions assumed by the defendants are contradictory. If the language of the will with reference to the children of Michael Fath does not constitute an extra portion bequeathed to them, then the language with reference to the legacy to defendants does not constitute an extra portion.

Defendant Mrs. Christopher Fath claims, in the event the court should hold that her children were not to receive the extra portion:

"That the legacy of all the real estate made to her and her six children must be held to be a conjoint legacy, and that she will take the shares which her children do not receive, subject to the restrictions that this shall not affect the légitime of the heirs."

[6] But we have held that her children have no shares, under the will, beyond their portions fixed by the law in their grandmother's estate, in an equal division among the three groups of heirs; and that they were not to receive, under the will, an "extra portion."

The children of Christopher Fath will take the real estate of the succession, or their shares therein, fixed by the will, the law, and this judgment. Those shares have not failed or lapsed; they are simply reduced. The heirs of Christopher take one-third of the real estate as their share as forced heirs in the succession, and it is immaterial whether the legacy of said real estate to their mother and to them is a conjoint legacy or not. The questions of accretion and collation do not arise in this case. Succession of Hunter, 45 La. Ann. 262, 12 South. 312.

The judgment appealed from is affirmed.

MONROE, C. J., and O'NIELL, J., not having heard the argument, take no part