TERRELL, Justice.
Bonita Springs is a small community 22 miles south of Fort Myers, served by the Atlantic Coast Line Railroad Company, one train every day each way. The northbound train for Fort Myers leaves Bonita Springs at 2:40 P.M. Defendant, appellee, operates an express business over the Atlantic Coast Line Railroad Company and other railroad lines throughout the country. Its agent at Bonita Springs was Evelyn Whidden who worked part-time and received a commission of ten percent on all express shipments as her compensation. She had no- expense account or allowances. The depot at Bonita Springs was an open platform with an enclosed room for an office.
On Saturday, December 6, 1952, when Evelyn Whidden arrived at the depot in the afternoon she found approximately 45 baskets of oranges’ on the platform, the train for Fort Myers had passed and rather than let the fruit remain on the open plat *803 form over the week-end she secured a man named Fagan to haul it by truck to Fort Myers. On the way to Fort Myers an accident occurred in which appellant was injured. She brought this action against ap-pellee and others to recover damages for personal injuries, relying on the doctrine of respondeat superior. A motion to dismiss the amended complaint was overruled and the case was set for trial on a day certain hut prior thereto defendant moved for summary final judgment. Evidence was taken and counter affidavits were filed by the plaintiff. The court indicated its purpose to grant the motion for summary final judgment and plaintiff took a non-suit. This appeal is from the order granting the non-suit.
The point for determination is whether or not Fagan, the driver of the truck who conveyed the fruit from Bonita Springs to Fort Myers, was an agent of defendant, Railway Express Agency, Inc.
The answer to this question turns on whether or not Evelyn Whidden was authorized to employ Fagan to convey the fruit to Fort Myers by truck. Appellant contends that the Saturday train for Fort Myers having passed and there being no other train till Monday afternoon, the fruit would deteriorate to such an extent that an emergency was created which authorized her to secure someone to convey the fruit to Fort Myers. 35 Am.Jur. 987, Stinson v. Prevatt, 84 Fla. 416, 94 So. 656, and Weiss v. Jacobson, Fla., 62 So.2d 904, are relied on to support this contention.
Evelyn Whidden was not a full-time employee of appellee but was employed on a commission basis to receive and dispatch the express at Bonita Springs and when not so engaged she was free to engage in other activities. She had no warrant from her principal to employ. Fagan, she never employed him before or after the time he was employed in this case, her principal had no authority over his conduct, did not pay him, he was paid by Evelyn Whidden. She is to be commended for her diligence in looking after the interest of her employer but that alone does not require her employer to respond for injury resulting from her employment. The evidence fails to show that Fagan was the agent or employee of defendant, not only that it fails to show any issue on the point that should have gone to a jury or that there was any basis in law to hold the express company liable.
The following cases foreclose the question against appellant: Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503; Texas Co. v. Brice, 6 Cir., 26 F.2d 164; Motor Terminal & Transportation Co. v. Simmons, 28 Ala.App. 190, 180 So. 597; Parker v. Film Transit Co., 194 Miss. 542, 13 So.2d 159. The judgment is affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.