JANVIER, Judge.
The Reverend Francois M. Jan, a priest, died in New Orleans on November 5, 1950, leaving an estate valued at almost $75,-000. On March 2, 1950, which was eight months prior to his death, he had made an olographic will and among the bequests set forth was one reading as follows:
“$500.00 to each servant in my employ at the time of my death — housekeeper and aid — sexton.
Mrs. Vivian Burke filed a petition in the succession proceedings alleging that she had been in the employ of decedent at the time of his death, and praying that she be recognized as a testamentary legatee under the above-quoted provision of the will and that the special legacy be paid to her by the testamentary executor.
The testamentary executor answered the petition, admitting that, at the time of the death of the decedent, the petitioner had been in his employ, but averring that she was not one of those contemplated by the above-quoted provision of the will for two reasons: First, that though the first portion of the above quoted provision might seem to contemplate all employees who might be in the employ of the decedent at the time of his death, the words which immediately followed made it clear that the testator contemplated only three employees, a housekeeper, an aid, and a sexton; and second, that even if Mrs. Burke was in the employ of the decedent at the time of his death, she had been in his employ for only a very short timé and on a temporary basis.
There was judgment dismissing the claim of Mrs. Burke and she has appealed.
The record shows that there were in the employ of the decedent at the time at which he wrote the will three persons — a housekeeper, Mrs. R. Aucoin, who had been in his employ for thirty-nine years, a sexton, Joseph Samuel Lee, who, at the time the will was written, had been in his employ about four months, and Laura Nicholas who did general chores, such as cooking, laundry work, etc., and who says that she “helped all around, did all, everything, * * She had been in his employ seven years, and was referred to as an aid.
While there is some dispute as to whether Mrs. Burke had been in the employ for as much as two months, the record leaves us convinced that she had been employed only a very short time. She says that she was paid every two weeks and that she had been paid twice when the decedent died. Mrs. Aucoin says that Mrs. Burke had been employed by her and not by the decedent and that she had been paid only once before the decedent’s death.
Although in the answer of the executor it is admitted that Vivian Burke was employed by the decedent, counsel, who is himself the executor, says that that admission was made in error and that, as a matter of fact, the record shows that the Burke woman was employed by Mrs. Au-coin and not by the decedent, the reason being that it was necessary for Mrs. Aucoin to go to a hospital and she thought she would employ Mrs. Burke as her substitute during the period of hospitalization, and that it was understood that Mrs. Burke was to be paid by her and not by the decedent.
*243 .We find it unnecessary to determine whether the plaintiff was in the employ of decedent or in the employ of Mrs. Aucoin for the reason that, even if she was in the employ of the decedent, we are convinced that the above-quoted provision of the will should not be interpreted as contemplating her. There can be no doubt that when the testator wrote the will he certainly did not have her in mind since, at that time, he had never even heard of her and for a long time previously there had been in his employ only three persons — a housekeeper, an aid, and a sexton. And it seems to us that, though the first portion of the quoted provision of the will might be interpreted as including generally all persons who might be in the employ of the testator at the time of his death, the last portion may only be interpreted as contemplating the three persons mentioned. Surely the testator did not mean to include such a very temporary employee as Vivian Burke is shown to have been.
It is true that she says that she did not know that her employment was to be only on a temporary basis, but we are convinced that it was on that basis that she was employed. Even if the decedent knew that she was employed by him, he knew that the employment was to be only temporary while Mrs. Aucoin was in the hospital.
Both counsel rely on the well-established rule which appears as syllabus No. 4 in Succession of Fath, 144 La. 463, 80 So. 659, which reads as follows:
“The intention of the testator is to be determined from the whole will and every word must have effect, if that can be done without defeating the general purpose of the will, which is to be carried into effect in every reasonable method.”
If we give effect to all of the provisions of the will, we conclude that the testator did not intend to include such a temporary employee as Mrs. Burke.
Consequently the judgment appealed from is affirmed at the cost of appellant.
Affirmed.