ROBERT M. FLEMING, Judge Pro Tem.
The issue we are called upon to determine in this appeal is what Mrs. Water *798 man, the testatrix, meant when she wrote in her will of February 20, 1970, as follows :
“FIRST: I direct that all my just debts, funeral expenses and expenses in connection with the administration of my estate be paid out of my residuary estate, as soon as practicable after my death.”
and in the FOURTH item of her will, in Sub-section F, Mrs. Waterman bequeathed:
“The property designated as 1773-75 Pleasure Street in New Orleans, La., to Mrs. (sic) Loretto Williamson in full ownership.”
In the tableau of distribution filed by the Executrices, Mrs. Florence P. Noretti and Miss Loretto Williamson, it was proposed that a mortgage indebtedness owed to Security Homestead on 1773-75 Pleasure Street, in the amount of Ten Thousand, Eight-Hundred Sixty-Five Dollars and Seventy-eight Cents ($10,865.78), be paid with funds in the hands of the Executrices. The property, itself, had a value of Twenty-five Thousand ($25,000.00) Dollars.
An opposition to this tableau was filed by Mrs. Bonita Adolph, the residuary legatee.
It is the contention of the Executrices that the mortgage on the Pleasure Street property is a “just debt” of the decedent and should be paid from the residuary estate according to the FIRST article of the testament.
The residuary legatee, Mrs. Adolph, claims that under Civil Code Article 1638 and others, the Executrices are not required to discharge the encumbrances, but rather it is an obligation of the particular legatee to do so.
The district court agreed with the residuary legatee and maintained the opposition to the tableau in that respect.
Miss Loretto Williamson, the particular legatee, has appealed.
This case is governed by Civil Code Article 1638, which provides:
“If prior to the testament or subsequently, the thing has been mortgaged by the testator for his own debt or for that of another, or if it be burdened with an usufruct, he who is to pay the legacy is not bound to discharge the thing bequeathed of the incumbrance, unless he be required to do it by an express disposition of the testator.”
This Code article has been cited infrequently by our courts. The important opinion previously rendered on a similar point is the case of Succession of Rabasse, 47 La.Ann. 1126, 17 So. 597, wherein the court held that the heir of the executor is not bound to pay the mortgage debt placed by the testator on the thing bequeathed, i. e., the special mortgage, unless that payment by the heir or executor is directed by the will. We are called upon to determine whether the testatrix, by saying that all her “just debts” should be paid made such an “express” disposition that would require the Executrices to pay off the homestead mortgage.
We note that the decedent, Mrs. Marjorie Thoms Waterman, had amassed an estate in an amount in excess of $333,000.00, and had written several wills and codicils in a very business-like manner.
It was not a simple document; she dealt in specifics; she made bequests of usu-fructs and naked ownerships of her movable and immovable property. She had several different particular legatees, some charitable, some personal, however only one residuary legatee.
We agree with the dilemma of the district court in saying that it is called upon with the difficult task of having to interpret the last will of someone who cannot assist the court by testifying as to her intent because of her demise.
*799 In interpreting testaments we must endeavor to ascertain the intent of the testatrix. The Civil Code articles provide:
“Art. 1712. In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.”
“Art. 1715. When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.”
Because of the unusual precision employed by the testatrix, one must conclude that had she intended the mortgage debt to be paid, she would have said so; but we do not decide this case on that assumption. We find that the instructions in the FIRST item of the will is not an “express” disposition that the mortgage debt be paid.
We are of the opinion that when Article 1638 calls for an express disposition of the testator, that the mortgage indebtedness should be paid, it must be in a precision fashion. The only argument that can be made that an express disposition was made by the testatrix in this case is that in the FIRST article the testatrix said that she wanted “her just debts” to be paid from the residuary estate. It would have been a simple matter for the testatrix to provide that the residuary estate would pay this mortgage in clear or express terms. However, we do not find that she did so when she used the simple words “just debts”.
We concur with the district court that the opposition filed by the residuary legatee should be maintained and that the indebtedness of the Security Homestead on the property that was bequeathed to Miss Williamson should not be paid from the residuary estate by the Executrices but that the legacy should be burdened with the existing mortgage.
We, therefore, conclude that under Civil Code Article 1638 the testatrix did not make- an express disposition as to the payment of the mortgage on the particular legacy; therefore, it must not be paid by the executrices. See also Civil Code Articles 1430, 1442 and 1443.
The judgment of the district court is affirmed at the appellee’s cost.
Affirmed.