298 So.2d 731 (1974)
Succession of Mrs. Marjorie THOMS, widow of Walter Flower WATERMAN.
No. 54354.
Supreme Court of Louisiana.
June 10, 1974.
Rehearing Denied August 30, 1974.
Thomas B. Lemann, Norris S. L. Williams, Monroe & Lemann, New Orleans, for applicant.
Val A. Schaff, III, Schaff & Currier, New Orleans, for respondent.
SANDERS, Chief Justice.
This probate action requires the construction of a will. The question is whether a testamentary direction to pay from the residuary estate "all my just debts" includes a debt secured by a mortgage on a residence bequeathed to a special legatee or whether it includes only unsecured debts. The question is res nova in Louisiana. The Court of Appeal held that the testamentary direction did not include payment of the secured debt. 286 So.2d 797 (1973). We reverse.
Mrs. Marjorie Thoms Waterman died on December 25, 1971. She left a last will and testament dated February 20, 1970. In her will, Mrs. Waterman bequeathed numerous pieces of property and other assets to various individuals and organizations. The property that forms the basis of this litigation is a lot and house located at 1773-75 Pleasure Street in New Orleans. This item was bequeathed to Mrs. Loretto Williamson. The property was valued at $25,000 and was encumbered by a mortgage securing an indebtedness of $10,865.78.
*732 The executors filed the tableau of distribution and the petition for homologation on December 1, 1972. On the same day, Mrs. Adolph, the residuary legatee, filed an opposition to the tableau of distribution contesting the payment of the mortgage note out of the residuary estate.
In her will, Mrs. Waterman stipulated:
"FIRST: I direct that all my just debts, funeral expenses and expenses in connection with the administration of my estate be paid out of my residuary estate, as soon as practicable after my death."
In another clause of the will, the testator made the following bequest:
"The property designated as 1773-75 Pleasure Street in New Orleans, La., to Mrs. Loretto Williamson in full ownership."
The opponent, Mrs. Adolph, contends that the phrase "all just debts," as used in will, does not include the mortgage on the property bequeathed to Mrs. Williamson.
The executors, Mrs. Williamson and Mrs. Noretti, contend that the words "all just debts," as used in this will, are unqualified and include both secured and unsecured debts.
As a general rule, succession debts must be paid from residuary assets. LSA-C.C. Arts. 871-873, 1419, 1424-1425, 3182. The Louisiana Civil Code, however, lays down a special rule as to mortgages bearing upon property included in a bequest.
Article 1638 provides:
"If prior to the testament or subsequently, the thing has been mortgaged by the testator for his own debt or for that of another, or if it be burdened with an usufruct, he who is to pay the legacy is not bound to discharge the thing bequeathed of the incumbrance, unless he be required to do it by an express disposition of the testator." (Italics ours).
See Succession of Sinnott, 3 La.Ann. 175 (1848); Succession of Rabasse, 47 La.Ann. 1126, 17 So. 597 (1895).
In interpreting a will, the court is primarily concerned with ascertaining the intention of the testator, without departing from the proper signification of terms of the testament. Succession of Mulqueeny, 248 La. 659, 181 So.2d 384 (1965); Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1, 21 A.L.R.3d 765 (1966). The basic question is what did the testator mean by what he said. Succession of Jones, La.App., 172 So.2d 312, cert. den. 247 La. 718, 174 So.2d 131 (1965).
Here, the testatrix said: "I direct that all my just debts ... be paid out of my residuary estate."
The language of the will is broad and unqualified. It is sufficiently broad, in our opinion, to include secured debts.
Unsecured debts are taken from the residuary estate by operation of the law. Hence, unless the provision includes secured debts, it adds nothing to the will. Under familiar principles, courts seek to give meaning to all of the testamentary language and to avoid interpretations that render the language meaningless or reduce it to surplusage. See Succession of LaBarre, 179 La. 45, 153 So. 15 (1934); Succession of Fath, 144 La. 463, 80 So. 659 (1919).
A construction that the testamentary direction includes payment of the mortgage debt from the residuary estate is fortified by another provision in the will. In the third paragraph, the testatrix directs that all taxes be paid from the residuary estate. See LSA-R.S. 9:2432. The provision lays bare the intention of the testatrix to minimize the financial burden of the special legatees.
Considering the will as a whole, we conclude that the testamentary direction is an express disposition under Article 1638 *733 to pay both secured and unsecured debts from the residuary estate. Accordingly, we hold that the mortgage debt on the property bequeathed to Mrs. Loretto Williamson must be paid from the residuary estate.
For the reasons assigned, the judgment of the Court of Appeal is reversed, the opposition to the tableau of distribution is dismissed, and judgment is rendered in favor of the executors, Mrs. Florence Noretti and Mrs. Loretto Williamson, against the opponent, Mrs. Bonita Adolph, ordering the payment of the mortgage debt bearing upon the property designated as 1773-75 Pleasure Street in New Orleans, Louisiana, from the residuary estate of Mrs. Marjorie Thoms. The case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. All court costs in this proceeding are assessed against the opponent, Mrs. Bonita Adolph.