366 So.2d 1029 (1978)
In the Matter of the Succession of Charlie GRIFFIN.
No. 12390.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Rehearing Denied February 12, 1979.
G. Allen Walsh, Baton Rouge, for plaintiff-appellee Lloyd Edward Griffin.
David Dawson, Baton Rouge, for intervenor-appellant Stanley Griffin.
Harold Douglas, New Orleans, for defendant-appellant and testamentary executrix Daisy Campbell.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
This appeal by Daisy Campbell, testamentary executrix for the estate of Charlie Griffin, deceased (decedent), is from judgment of the trial court ordering her to file an amended final account and distribute the assets of decedent's estate equally between Stanley Griffin and Lloyd Edward Griffin, named legatees in decedent's will. The sole question presented is one of interpretation of testamentary language. We reverse *1030 upon finding that the trial court erroneously construed the terms of the testament when considered in its entirety.
Decedent died April 6, 1977, while domiciled in East Baton Rouge Parish. He was survived neither by ascendants nor a spouse. He was survived by one adopted child, Stanley Griffin, who has joined in this appeal.
Decedent left a statutory will executed under date of December 24, 1974, the pertinent portion of which reads as follows:
"To my son, Stanley Ross Griffin, I leave one half (½) of all my property that I die possed (sic) of.
To Lord Edward Griffin, I leave one half (½) of all my property that I die possed (sic) of.
The above disposition shall be done in an equal manner and is not to include that portion of my estate reserved to forced heir."
The will was duly probated on April 7, 1977. On July 11, 1977, the executrix presented a proposed tableau of distribution and prayed for its homologation. The detailed descriptive list attached to the tableau indicates assets in the sum of $94,109.39 and debts in the amount of $11,527.97, leaving a net estate of $82,581.42 to be distributed between the named legatees. The tableau was duly homologated August 10, 1977. Judgment of possession was signed September 2, 1977, recognizing Stanley Griffin as decedent's sole forced heir and as such entitled to a forced portion which was incorrectly stated to be one-fourth of decedent's estate. The executrix subsequently moved to amend the judgment of possession so as to establish the forced portion correctly at one-third. The judgment also distributed the disposable portion of the estate equally between the named legatees, Stanley Griffin and Lloyd Griffin, the latter being incorrectly referred to in the will as Lord Griffin. Thus, in effect, Stanley Griffin was to receive two-thirds of the estate, his forced portion of one-third and one-half of the remaining two-thirds, while Lloyd Griffin would receive an undivided one-third.
On October 28, 1977, counsel for Lloyd Griffin moved to reopen the succession seeking an equal division of its assets between the named legatees. In May, 1978, judgment was rendered in the trial court directing the executrix to file an amended account distributing the succession assets equally between the named legatees "without regard to the legal portion of a forced heir." From this decree, the executrix and Stanley Griffin have appealed.
In ruling that the legatees shared the estate equally, the trial court relied heavily on the testamentary language indicating that the bequest to each legatee consisted of one-half of all the decedent's property.
In the matter of interpretation of a last will and testament, the principal function of the courts is to ascertain and carry out the intention of the testator if such intent can be determined from the language used in the will. La.C.C. Article 1712; Carter v. Succession of Carter, 332 So.2d 439 (La.1976). As stated in Carter, above, all other rules of interpretation are only means to achieve the end of determining the testator's intent.
Also pertinent herein is the rule that courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would render testamentary language meaningless or reduce it to surplusage. Succession of Waterman, 298 So.2d 731 (La.1974). If any ambiguity exists as to the testator's intent with regard to a particular clause or bequest, other clauses or bequests must be considered along with the ambiguous clause or provision to reach, if possible, an interpretation which harmonizes the whole. Succession of Levy, 207 La. 1062, 22 So.2d 650 (La.1945).
It is conceded that the first two dispositive clauses of the will evidence a clear intent to distribute decedent's estate equally between the named beneficiaries. Considering, however, the final dispositive provision that "[t]he above disposition shall be done in an equal manner and is not to include that portion of my estate reserved *1031 to forced heir" (Emphasis added), it appears equally certain that decedent intended his forced heir to receive his forced portion and, in addition, share equally in the remaining portion of the estate.
To hold otherwise, as did the trial court, is to completely ignore the language of the third dispositive provision and render it totally meaningless as surplusage. We conclude, therefore, that the language of the testament, considered in its entirety, evidences the intent of decedent to leave his forced heir two-thirds of his estate and leave the remaining one-third to Lloyd Griffin.
It is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby annulled, reversed and set aside and this matter remanded to the trial court for rendition of judgment consistent with the views herein expressed. All costs of this appeal to be paid by appellee, Lord (Lloyd) Griffin.
Reversed and remanded.