The opinion of the court was delivered by
Blanchard, J.
Alice McCloskey, of the City of Belfast, Ireland, died there in March, 1897, leaving a last will and testament, which was admitted to probate in the District Registry of the Probate and Matrimonial Division of the High Court of Justice in Ireland, for the District of Belfast.
She made, in the will, numerous bequests of legacies to persons and charitable institutions, none of them exceeding in amount two thousand dollars.
The property constituting her estate was located entirely .in the city of New Orleans, over two-thirds of the same being real estate, the remainder movable property.
Alexander Dempsey and William Dempsey of Ireland were named in the will as executors.
■ James A. Donnelly, of New Orleans, was appointed dative testamentary executor by the court here, and, as such, administers the estate.
*1123 Certain nephews and nieces of the deceased, claiming as legal heirs, brought suit to have declared void and without effect certain clauses of the will disposing of the residue of the estate left after payment of debts and legacies.
These clauses are as follows: “And my trustees shall hold the residue of moneys forming portion or arising from the sale, calling in, collection and conversion of my American property in trust to apply such an amount as they shall think fit in the erection of a stained glass memorial window in St. Patrick’s Church, Donegall Street, Belfast, in memory of the late Rev’d Michael Cahill, C. C., formely of St. Patrick’s Church aforesaid, and in trust to pay and apply any surplus of the said such residue for such charitable uses and purposes in Ireland as they in their discretion shall think fit.”

********

“I devise and bequeath my plate, jewelry and all my estate, property and effects not hereinbefore disposed of unto my said trustees upon trust to pay my funeral and testamentary expenses and debts, if necessary, and upon trust either to retain the residue in the condition in which the same shall be at the time of my death, or to convert the same into money and apply such residuary estate or the proceeds thereof for such charitable uses and purposes in Ireland, as they in their discretion shall think fit, and in case any of the charitable or other legacies hereinbefore bequeathed, or of which I shall bequeath by any codicil to this my will, shall he or become void at law or shall otherwise lapse or fail to take effect, then I bequeath all such legacies which shall be or become void unto my said trustees absolutely, and direct that all such legacies as shall lapse or fail to take effect shall form part of my residuary estate.”
It is represented that these portions of the will are, to begin with, uncertain, vague and meaningless; that they are null and void because prohibited substitutions and fidei commissa; and that the same are to be reputed as not written.
The executors, answering the attack upon the will, after pleading the general issue, represent that a large portion of the assets of the succession consisted of movables; that the testamentary disposition of the movables is governed by the law of Great Britain, in which country the deceased had her domicile, where she died and where the will was confected; and that under the law of Great Britain the testament *1124 ary disposition in the manner and form and to the effect as in the will provided, is valid and effective.
They urge that, should the dispositions attacked be decreed invalid so far as the real estate is concerned, the expenses and debts of the succession should be settled primarily out of the proceeds of the real estate, or at least prorated between the proceeds of the real estate and the movable property.
The court a qua decreed the nullity of the dispositions attacked in so far as the same affects the real estate situated in the State of Louisiana, but sustained the same in so far as the personal estate of the testatrix is concerned, subject, however, to the condition that the perspnal estate in Louisiana must contribute its proportion to the payment of the costs and expenses of the succession and the debts due by the deceased, in the ratio of the value of said personal property to the value of the real estate.
The executors appeal.
The legal heirs, appellees, pray, in this court, that the judgment be so amended as to decree that the burden of the costs and expenses of the succession and of the debts of the deceased be borne by the movable property, and that the movables be exhausted before the real property is called upon to contribute to the satisfaction of any part of the same.
It will be observed that no specified sum of money is bequeathed by the testatrix for the purpose of the erection of a memorial window in St. Patrick’s Church in Belfast. The residue (after payment of the debts and legacies) of funds arising from the sale, collection and conversion of her property in America is left in trust to trustees named to apply such an amount as they shall thinlc fit to the accomplishment of the object named.
It is obvious that this is not a legal testamentary disposition under the law of Louisiana.
After applying as much of the residue as they-please to the memorial window, whatever is left of the residue is bequeathed to the trustees in trust for such charitable uses and purposes in Ireland as they in their discretion might see proper to 'apply the same to.
It is equally obvious that this is not a valid disposition by will under our law. The institution of heir or other testamentary disposition committed to the choice of a third person is null by the express language of the law. C. C. 1573; Succession of Burke, 51 La. Ann. 543.
*1125 The objectionable clause in the Succession of Burke read as follows:
“Now, after the bequests have been paid, the remainder of my estate I desite my executors to use for any charitable institution they may select or think of benefiting, to perpetuate my memory.”
In the instant case it reads thus:
“And in trust to pay and apply any surplus of the said such residue for such charitable uses and purposes in Ireland as they in their discretion shall think fit.”
They are practically identical. The one in the Burke case was annulled. So must the one here be annulled.
The clauses of the will do not fall under and are not saved by the provisions of Act 124 of 1882 for the reasons assigned in the Succession of Burke, supra, and the Succession of Meunier, 52 La. Ann. 80. They are to be judged by the codal provisions of the law, and by these are reprobated. Being void, they must be considered as having no existence. Impossible conditions, those contrary to the laws, or to morals, are reputed not written. C. C. 1519.
If they were not written and had no existence, then the subsequent clause, wherein it is declared that in case any of the charitable or other legacies bequeathed “shall be or become void at law, or shall otherwise lapse or fail to take effect, then I bequeath all such legacies, which shall be or become void, unto my said trustees absolutely, and I direct all such legacies as shall lapse or fail to take effect shall form part of my residuary estate,” does not apply.
The same is, besides, too uncertain and vague to enable any one to take under the terms thereof.
The bequest therein is not to the parties named as trustees in their individual capacity, but to them as trustees.
It can not be said with certainty that the testatrix intended the parties named as trustees to take as individuals. It is clearer that she meant for them to take in their capacity as trustees. If the latter was her intention then must she be considered as vesting her trustees with title to the residuum in order to carry out her thereinbefore mentioned purpose, viz: — its application to such charitable uses in Ireland as they might determine. And to this end and in furtherance of this purpose, the concluding words of the clause under consideration contains the direction that the legacies which lapsed or failed to take effect were to form part of her residuary estate. Now, it was this residuary estate, or the proceeds thereof, which was to be applied to *1126 charitable uses in Ireland. It was willed to certain persons as trustees who had previously, in the will, been given directions as to how it was expected they were to apply it. It is the same thing as bequeathing it to them in trust for the purpose.
It comes-within the prohibitions of the law and is void.
Had the bequest been made to the parties named as trustees in their individual capacity a different rule might apply.
Counsel for the executors, appellants, say, in their brief, that the question which the case presents may be briefly stated to be: Are the dispositions of the will governed by the principles laid down in Succession of Burke, 51 Ann., or those that controlled the decision in the Succession of Meunier, 52 La. Ann. ?
And they contend that the dispositions attacked are legacies for pious uses, and, therefore, not affected by the words of trusteeship contained in the will..
It is clear that the case is too dissimilar in its facts, in the dispositions made, to bring it within the rule of the Meunier Succession case. There the legacy was definite in amount and was made to the Commune of Carouge for pious uses. Here no legatee is named, the amount is left uncertain and the disposition is to trustees who are directed to apply it to charitable purposes as they in their discretion may think fit.
It is a disposition committed to the choice of third persons, and the case is so similar in this respect to that of the 'Succession of Burke that it must be considered controlled by the rule there announced. '
We have given consideration to the prayer of the appellees for an amendment of the judgment in respect to the apportioning of costs and expenses, but do not consider this a case where C. C. 1668, 1669 and 1670, in respect to selling property to pay debts, apply.
Judgment affirmed.