ROGERS, Justice.
 

 Mrs. Emma Berthelot Wallis, widow of William W. Wallis, died in New Orleans leaving a will executed in olographic form, which was duly probated. The testatrix, after making four special bequests, closed her will with the following clause: “Regarding a Memorial hall or room and the residue of my estate I have given full instructions to Trist Wood whom I make executor of my Will.”
 

 The plaintiffs, as nearest of kin and the sole surviving heirs of Mrs. Wallis, filed a joint petition in which they prayed that the quoted clause of her will, except as to the appointment of the executor, be declared null and void for the reason that the clause fails to make any disposition of the residue of the estate and is violative of the provisions of the Civil Code governing last wills and testaments, “in that it-would not be carrying out the last wishes of the decedent but' instead would be instituting the will and judgment of the executor.”
 

 On the trial of the case, it was admitted that only verbal instructions were given to the executor by the testatrix relative to the memorial hall or room and the residue of her estate. The judge of the district court rendered judgment in favor of plaintiffs, declaring the disputed clause of the will, except as to the appointment of the executor, to be null, void, and of no effect. The executor has appealed from the judgment.
 

 The law on which plaintiffs in this case rely is to be found in Articles 1570 and 1573 of the Civil Code. Article 1570, abrogating every other form, requires that a disposition mortis causa must be made by last will or testament. Article 1573, abolishing the custom of willing by testament by the intervention of a commissary or attorney in fact, declares that any testamentary disposition committed to the choice of a third person is null, even though the choice of legatees or beneficiaries be limited to a certain number designated by the testator.
 

 Article 1571 of the Civil Code defines a testament as the act of last will clothed with certain solemnities, by which the testator disposes of his property, either universally or by universal title, or by particular title.
 

 Testamentary dispositions can be made only in- writing, in the form and manner prescribed by law for last wills and testaments. Articles 1574 to 1596 of the Civil Code, both inclusive. From which it follows that testamentary dispositions can never be established, as such, by any amount of parol evidence as to the verbal intentions of the
 
 *877
 
 •deceased. Succession of Rusha, 158 La. 74, 103 So. 515.
 

 In the Succession of Burke, 51 La.Ann. 538, 25 So. 387, the clause in the will, which it was claimed violated Article 1573 of the Civil Code, did not contain a testamentary-disposition or bequest. It was only a request to the executors, or an- expression of the desire of the testatrix regarding the disposition of the residue of her estate, to-wit: “Now, after these bequests have been made, the remainder of my estate I desire my executors to use for any charitable institution they may select, or think of benefiting, to perpetuate my memory.”
 

 The clause above quoted was contested on the ground, among other's, that it was meaningless and in direct contravention of the prohibitory provisions of the law, and must be reputed as not written. The executors of the will were the only defendants. They contended that the disputed clause was a bequest to a charitable institution to be selected by them, and they relied upon Act No. 124 of 1882, legalizing donations to trustees for charitable, educational or literary institutions, whether already existing or to be organized by the trustees. The district court, as well as this Court, recognized that the disputed clause was not a bequest at all, but was only a suggestion or request to the executors to use the residue of the estate for some charitable purpose to perpetuate the memory of the testatrix. It was said in the opinion of this Court that “the testatrix did not designate any one as her residuary legatee, but left the selection of the legatee to the choice of her executors. This she could not validly do.”
 

 A will containing a clause very similar in its aspect to the one in the will of Mrs. Honoria Burke Ringrose was that of Mrs. Alice B. McCloskey, which was considered by this Court, in Succession of McCloskey, 52 La.Ann. 1122, 27 Só. 705, 706. The clause in Mrs. McCloskey’s will, which was pronounced invalid, read as follows:
 

 “And my trustees shall hold the residue of moneys forming portion or arising from the sale, calling in, collection, and conversion of my American property in trust to apply such an amount as they shall think fit in the erection of a stained-glass memorial window in St. Patrick’s Church, Done-gall street, Belfast, in memory of the late Rev’d Michael Cahill, C.C., formerly of St. Patrick’s Church aforesaid, and in trust to pay and apply any surplus of the said such residue for such charitable uses and pur-, poses in Ireland as they in their discretion shall think fit. * * * and in case any of the charitable or other legacies herein-before bequeathed, or of which I shall bequeath by any codicil to this my will, shall be or become void at law, or shall otherwise lapse or fail to take effect, then I bequeath all such legacies which shall be or become void unto my said trustees absolutely, and direct that .all such legacies as shall lapse or fail to take effect shall form part of-my residuary estate.”
 

 The Court declared that such an indefinite disposition to trustees in trust for an indefinite charitable purpose was void and that the legacy was not saved by the provisions of Act No. 124 of 1882. The Court invoked the doctrine prohibiting wills by proxy, remarking:
 

 
 *879
 
 “It is equally obvious that this is not a valid disposition by will under our law. The institution of heir or other testamentary disposition, committed to the choice of a third person, is null by the express language of the law. Civ.Code, art. 1573. * * * The same is, besides, too uncertain and vague to enable any one to take under the terms thereof. The bequest therein is not to the parties named as trustees in their individual capacity, but to them as trustees. It cannot be said with certainty that the testatrix intended the parties named as trustees to take as individuals. It is clearer that she meant for them to take in their capacity as trustees. If the latter was her intention, then must she be considered as vesting her trustees with title to the residuum, in order to carry out her thereinbefore mentioned purpose, viz. its application to such charitable uses in Ireland as they might determine; and to this end and in furtherance of this purpose the concluding words of the clause under consideration contain the direction that the legacies which lapsed or failed to take effect were to form part of her residuary estate. Now,-it was this residuary estate, or the proceeds thereof, which was to be applied to charitable uses in Ireland. It was willed to certain persons as trustees who had previously in the will been given directions as to how it was expected they were to apply it. It is the same thing as bequeathing it to them in trust for the purpose. It comes within the prohibitions of the law, and is void. Had the bequest been made to the parties named as trustees in their individual capacity, a different rule might apply. * * * Here no legatee is named, the-amount is left uncertain, and the disposition is to trustees who are directed to apply it to charitable purposes as they in their discretion may think fit.”
 

 It will be observed that the testatrix does not set forth the kind or character of memorial hall or room that she desires to be erected. She leaves that entirely toiler executor to whom she declares that she has given full instructions relative thereto. Those instructions admittedly were not in writing. It is obvious that this is not a legal' testamentary disposition under the laws of this State. Furthermore, the testatrix did not designate any residuary legatee, but left the disposition of the residue of her estate solely to the discretion of her executor, limited only by such verbal instructions as she may have given him. It is equally obvious that this is not a valid dis- ■ position by will under our law. The institution of an heir or other testamentary disposition committed to the choice of a third person is null by express language of the law. Succession of Burke, 51 La.Ann. 538, 25 So. 387; Succession of McCloskey, 52 La.Ann. 1122, 27 So. 705.
 

 The judgment appealed from annulled the disputed clause of the will except as to the appointment of the excutor. The judgment is correct.
 

 For the reasons assigned, the judgment appealed from is affirmed; costs of this proceeding to be borne by the succession.