FOURNET, Chief Justice.
The executors of the succession of the late Samuel Kranz are appealing from a judgment of the district court maintaining the opposition of Mrs. Lula Kranz Wetmore to that part of their final account and plan of distribution proposing to deliver a diamond ring to the estate of Sigmund Masur and to distribute the residuum of the' estate to certain charities mentioned in the account; decreeing the provision of the will relating to sale of household effects and directing that the proceeds be added to the remainder of the estate and distributed to charity, as well as the declaration reading: “It is my wife’s wish her diamond engagement ring should go to Sig Masur, if he should survive me,” to be null and void, and reputed as not written; recognizing the opponent ’ as the sole heir of the deceased; and ordering the executors, after payment of debts, costs, attorneys’ fees and executors’ commissions, to deliver the remainder of the estate to the opponent.
Samuel Kranz died at his domicile in Ouachita Parish on January 18, 1949. His wife and only child having predeceased him, he left as his sole heir his sister, Mrs. Lula Kranz Wetmore. By last will and testament, olographic in form and dated December 5, 1948, he made numerous bequests, the first of these being to his sister, in amount of $5,000. Following the bequests is the provision: “It is my wish all my House Hold furniture and Silverware are to be sold and such money shall be added to the remainder of my estate and tó be distributed to Charity;” and a paragraph appointing the executors, with seisin and without bond. The will is dated and signed, and there is appended the statement that "It was my wife’s wish her diamond engagement ring should go to Sig Masur if he should survive me,” with the testator’s signature beneath.
■ The will was duly probated, the named executors were appointed and letters as *453 such issued to them. They delivered the specific legacies, paid bills and inheritance taxes, and thereafter filed for homologation their -final account in which they sought to be authorized to deliver the diamond ring to the estate of Sigmund Masur, also to be authorized to sell the household effects, and declared their intention to deliver the residuum of the estate in certain fixed amounts or percentages to charitable organizations of their choice, as listed, in order to carry out the wishes of the testator as evidenced by the above-quoted provision of the will. Mrs. Lula Kranz Wetmore, who-, as the sole heir of the decedent, was ordered to show cause why the final account should not be approved, opposed the account.
Her opposition is based on the contention that the provision of the will under which the executors were claiming to act in making the proposed distribution to charitable organizations did not confer such authority on them; and that if such authority was so conferred, then the provision that the remainder of the estate was to be distributed to charity, and the statement concerning the diamond ring, were null and void. She claims the residuum as sole heir, contending that the remainder of the estate was not disposed of by the will, and as to such property decedent died intestate.
In support of her position concerning the diamond ring, opponent urges that the language used by the testator is' insufficient to constitute a bequest; that the statement is null as a codicil because undated and not made in any of the forms prescribed by Articles 1575 through 1595 of the Civil Code; that if a codicil, it lapsed and was of no effect according to the provisions of Article 1697 of the Civil Code since Sigmund Masur predeceased testator; if otherwise legal, it was a conditional testamentary disposition and void under Article 1698 of the Code because the instituted legatee died before the accomplishment of the condition; it was null as a donation inter vivos for want of form and of actual delivery, as required by Articles 1536 and 1538 of the Code; and null as a manual gift from decedent’s wife to Sigmund Masur for want of real and actual delivery. With respect to the executors’ right to dispose of the remainder of the estate as proposed, opponent urges that the provision of the will on which they rely, namely, that the proceeds of the sale of household effects “be added to the remainder of my estate and be distributed to charity,” is absolutely null and void since it is violative of Article 1573 of the Code, declaring: “The custom of willing by testament, by the intervention of a commissary or attorney in fact is abolished.
“Thus the institution of heir and all other testamentary dispositions committed to the choice of a third person are null, *455 even should that choice have been limited to a certain number of persons designated by the testator.”
Counsel for the executors apparently concede, as they must, the soundness of opponent’s position, but suggest in brief filed in this Court that since the testator left $5,000 to opponent as a bequest, it is clear that it was never his intention that she should -receive more. They submit the case for guidance, stating: “Your executors are charged with the duty and have the desire to carry out the intent of the testator and before paying out any of the proceeds of this estate, your appellants desire the direction of this Honorable Court.”
Our lawmakers, in adopting the civil law as expressed in the Revised Civil Code, provided the methods by which a person can legally dispose of his property inter vivos or mortis causa, and prescribed certain suitable modes and forms as authoritative guides. An adherence thereto insures that such dispositions will be effectuated; ■ in other cases, tlie courts are not authorized to deviate from these provisions in search of a supposed intention of the testator. The decedent having made no disposition in his will of the residuum of his estate, it passes to opponent herein under our law.
The judgment appealed from is affirmed.