PONDER, Justice.
 

 John B. Maguire, surviving brother and presumptive heir of Miss Agnes T. Maguire, deceased, brought suit seeking to have cer
 
 *1099
 
 tain provisions in the decedent’s will declared invalid. The trustees named in the will and the executor interposed exceptions of no right or cause of action. The trial court sustained the exceptions and dismissed the suit. John B. Maguire has appealed.
 

 The decedent left two olographic wills dated July 24, 1948. Both testaments, after making several bequests, contained identical provisions disposing of the residuary estate of the deceased in the following language :
 

 “I give and bequeath all the property of every nature and description of which I may die possessed, except that which I shall include in special legacies hereinafter mentioned, to the two persons who shall be respectively the pastor of St. Joseph’s Catholic Church of Baton Rouge, Louisiana, and the pastor of St. Agnes’ Catholic Church of Baton Rouge, Louisiana, at the time of my death, and their respective successors, in trust nevertheless for the use and benefit of young girls as a Loan Fund to be lent to them in order to enable them to fit themselves to earn a living. This is intended as a charitable trust for charitable and educational purposes created to continue in perpetuity under the Constitution and laws of the State of Louisiana. * * * The said trustees shall have unlimited discretion in the selection of the beneficaries of this trust and in the administration of the property and funds of the trust, with all the rights permitted by law to sell any property at any time belonging to the trust and to reinvest the proceeds thereof, and to lend the capital as well as the income to said beneficiaries as they may see fit. * * * To my cousin Agnes Maguire, now living in South Bend, Indiana, I would like the trustees to give her every month the rent of one of the tenant houses or the equivalent— The trustees to decide the amount.”
 

 The appellant contends that the trust provisions in the will are not strictly for educational and charitable purposes because of the trust provision relating to the cousin Agnes Maguire and because of the provision giving the trustees unlimited discretion. He takes the position that it contravenes Section 16 of Article 4 of the Constitution of Louisiana, LSA-Const., the pertinent portion of which provides: “* * * No law shall be passed authorizing the creation of substitutions, fidei commissas or trust estates * * * and provided further that this prohibition as to trust estates or fidei commissas shall not apply to donations strictly for educational, charitable, religious purposes * *
 

 Counsel argues that the rules governing the interpretation of wills are not applicable and to apply them would defy this specific constitutional provision. He states in his supplemental brief that this constitutional provision specifically governs both inter vivos and testamentary charitable trusts and that after the instrument embodying a trust has first been tested as a donation or will that the trust is then to be tested as to its validity as a trust.
 

 
 *1101
 
 As we take it the constitutional provision 'above quoted merely excepts charitable, educational, and religious trust from the general rule prohibiting substitutions, fidei commissas, and trusts. This provision of the Constitution contemplates that the trust must be established by a valid donation inter vivos or a valid donation mortis causa. It sets forth no rules governing the manner in which the donations may be tested and undoubtedly contemplates that the donations must be tested by the laws in existence at the time of its adoption. A donation mortis causa, whatever its nature may be, only takes effect at the death of the testator. This is true from its very nature because the testator could change his will any time prior to his death. Under the provisions of article 1697, LSA-Civil Code, a testamentary disposition becomes without effect if the person instituted or the legatee does not survive the testator. The evidence in this case shows, and it is not disputed, that the cousin Agnes Maguire, the legatee, did not survive the testatrix. The provision in the will that the testatrix would like for the trustees to give her cousin Agnes Maguire the rent from one of the tenant houses is merely a precatory suggestion. It is well settled in the jurisprudence of this state that precatory suggestions are not binding in law and are considered as not written. Succession of Hall, 141 La. 860, 75 So. 802; Girven v. Miller, 219 La. 252, 52 So.2d 843; Succession of Herber, 128 La. 111, 54 So. 579; Succession of Pleasants, 130 La. 267, 57 So. 923. Consequently under the codal article referred to and under the jurisprudence of this State, the disposition in favor of the cousin Agnes Maguire was without effect and must be considered as not written.
 

 Insofar as the appellant’s contention that the unlimited discretion of the trustees would authorize loans to girls who are not in need is concerned, it is sufficient to say that the purport of the provisions is to give aid to those girls who have not sufficient funds to educate themselves. If this purpose is violated by the trustees, they at that time could be restrained.
 

 The appellant contends that this is a mixed trust containing both a charitable and a private trust, in favor of the cousin, and that the law does not warrant the establishment of mixed trusts. Since we have arrived at the conclusion that the disposition to the cousin Agnes Maguire is without effect and considered as not written the only valid provision in the will establishing a trust is the one establishing an educational and charitable trust.
 

 For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.