138 So.2d 251 (1962)
Succession of James Mitchell ROGERS.
No. 290.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
Rehearing Denied March 12, 1962.
Certiorari Denied April 19, 1962.
Graham & Graham, Louis B. Graham, New Orleans, for defendants-appellants.
Edmund McIlhenny, New Orleans, for The Admrs. of Tulane Educational Fund, plaintiff-appellee.
Before REGAN, YARRUT and SAMUEL, JJ.
YARRUT, Judge.
The Administrators of The Tulane Educational Fund brought this declaratory action to determine the validity of a non-alienation provision in the last will and testament of decedent, wherein they were instituted universal legatee and executor. Defendants are the collateral heirs, and would be entitled to decedent's estate in the event of intestacy. From a judgment in favor of The Administrators, Defendants have appealed.
James Mitchell Rogers, testator, died in March 1959. He left a last will revoking all previous wills, and bequeathed his estate to The Administrators for the construction of a nonsectarian chapel on the campus of Newcomb College of Tulane University in memory of his sister,
"to be known forever and marked as the Myra Clare Rogers Memorial Chapelto serve as an everlasting memorial of her life and service to her community as a member of the faculty of Newcomb College."
In a codicil, written on the same date, the testator declared "I positively do not wish my Real Estate sold," which real estate he identified.
The Administrators, contending this provision prohibited alienation and was contrary to the laws and public policy of the *252 state, brought this declaratory action for its nullification.
Defendants admit that a provision prohibiting alienation is contrary to the Codal provisions and public policy of Louisiana and is, therefore, null and considered as not written. LSA-C.C. Art. 1519; Succession of Fertel, 208 La. 614, 23 So.2d 234; Succession of Feitel, 176 La. 543, 146 So. 145; Female Orphan Society v. Young Men's Christian Ass'n, 119 La. 278, 44 So. 15.
Defendants contend, however, that the codicil evidenced the testator's intent to revoke the prior bequest to The Administrators, and base their contention on the case of Succession of Ryan, 228 La. 447, 82 So.2d 759.
In the Ryan case, in her first testament the testatrix instituted her niece as her universal legatee. In the second, her second husband was so instituted, coupled with the provision that, at his death, the estate then vest in the niece. This latter provision was held to be a prohibited substitution and considered not written. With this prohibited substitution considered not written, the second testament remained with the husband the unconditional universal legatee.
The codicil involved here makes no change in the legatee or the disposition of testator's estate. There is no bequest contrary to that made to The Administrators. All the testator did in the codicil was to express that "I positively do not wish my Real Estate sold." This disposition being considered as not written, leaves the testament with The Administrators as sole universal legatee, without any restriction as to alienation.
Further, this declaration of non-alienation at best expresses the testator's wish, and is precatory, hence not binding on The Administrators. Girven v. Miller, 219 La. 252, 52 So.2d 843.
For the reasons assigned, the judgment of the district court in favor of The Administrators of The Tulane Educational Fund, and against Defendants, declaring null and void that provision of decedent's last will and testament regarding alienability of decedent's property, is affirmed; otherwise, said last will and testament is valid and enforceable. Since this is a declaratory judgment action instituted by Plaintiff, Defendants should not be penalized for costs because they unsuccessfully defended it. Therefore, Plaintiff-Appellee is to pay the costs in both courts.
Affirmed.