309 So.2d 808 (1975)
Succession of Josephine BALDWIN.
No. 4932.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
Writ Refused April 24, 1975.
Anderson, Leithead, Scott, Boudreau & Savoy by Richard L. Savoy, Lake Charles, for defendant-appellant.
Camp, Carmouche, Palmer, Carwile & Barsh by H. Gayle Marshall, Lake Charles, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
This succession proceeding is before the court on an opposition to the final tableau of distribution of the executrix, Alice Kurtz Arguello. The opposition was filed by Mary Alice Hebert, the sister and sole heir of the decedent, Josephine Baldwin, who died testate on October 10, 1972. Judgment was rendered by the trial court dismissing the opposition. We reverse and remand.
Josephine Baldwin died on October 10, 1972. At the time of her death, Mrs. Baldwin had no forced heirs. Her closest living relative was her sister, Mrs. Mary Alice Hebert. Mrs. Baldwin left an olographic will dated August 5, 1971, which will was duly probated. Alice K. Arguello, a close friend of the deceased, was named executrix in the will and was also a particular legatee under the will.
The succession was opened, and in the course of administration, several persons were placed in possession of their particular legacies under the will. Mrs. Arguello filed with the court the final tableau of distribution, under which she proposed to distribute the remainder of the assets of the estate of the decedent in accordance with the will. Among the proposed distributions was a distribution to Mrs. Arguello, individually, of two certificates of deposit in First Federal Savings and Loan Association and the cash remaining in a checking account at Calcasieu Marine National Bank. This legacy was listed as being in accordance with paragraph 7 of the will, and amounted in dollar value to $20,762.48.
*809 Mrs. Hebert filed an opposition to the final tableau of distribution alleging that she was entitled to the two certificates of deposit and the cash under the intestate laws of Louisiana as the nearest living relative of the decedent. The opposition alleged that no disposition of the cash and certificates of deposit was made to Mrs. Arguello by paragraph 7 of the will. A hearing was held on the opposition and after taking the matter under advisement, the trial judge rendered judgment rejecting Mrs. Hebert's demands and decreeing Mrs. Arguello to be the owner of the cash and certificates of deposit. From that judgment Mrs. Hebert has appealed to this court.
The appellant lists three specifications of error on the part of the trial court in this matter: error in holding that paragraph 7 of the will did not violate Article 1573 of the Civil Code; error in holding that a particular bequest was made to Mrs. Arguello, individually, of the two certificates and cash under paragraph 7 of the will; and error in allowing extrinsic evidence in the form of alleged oral statements made by the testatrix to one of the legatees and a list of gifts for which no foundation was made, when from the reading of the will as a whole it was apparent that no resort to extrinsic evidence should have been allowed.
We predicate our discussion of the first specification of error by setting forth the provisions of Article 1573 of the Civil Code:
"The custom of willing by testament, by the intervention of a commissary or attorney in fact is abolished.
"Thus the institution of heir and all other testamentary dispositions committed to the choice of a third person are null, even should that choice have been limited to a certain number of persons designated by the testator."
Paragraph 7 of the will of Mrs. Baldwin, the focal point of this litigation, provides as follows: "(7) I desire what money I may havechecking account at Calcasieu Marine National Bank 2 certificates in First Federal and Loan Association, handled as Mrs. Arguello sees fit." Appellant argues that paragraph 7 left the disposition of the residue of the testatrix's estate solely to the discretion of her executrix, and therefore violates Article 1573 of the Civil Code. Succession of Wallis, 203 La. 874, 14 So.2d 749 (1943) and Kranz's Succession v. Wetmore, 219 La. 450, 53 So.2d 230 (1951) are cited in support of the appellant's argument.
In Wallis, the testatrix closed her will with the following clause: "Regarding a Memorial hall or room and the residue of my estate I have given full instructions to Trist Wood whom I make executor of my Will." Plaintiffs in that case filed a joint petition in which they prayed that the above quoted clause of the will, except as to the appointment of the executor, be declared null and void for the reason that the clause fails to make any disposition of the residue of the estate and is violative of the Civil Code in that it would not be carrying out the last wishes of the decedent but instead would be instituting the will and judgment of the executor. In Wetmore, the decedent died leaving his sister as his sole heir. After leaving numerous bequests in his olographic will, his will included the following provision: "It is my wish all my House Hold furniture and Silverware are to be sold and such money shall be added to the remainder of my estate and to be distributed to Charity." In each of the above cited cases the Supreme Court held the clauses to be unenforceable because they committed to the choice of a third person the disposition of the property in question.
In his written reasons for judgment the trial judge quoted Articles 1712, 1713 and 1715 of the Civil Code, which provide the general rules for the interpretation of legacies. Article 1712 provides that in interpreting wills, the court must endeavor to ascertain the intention of the testator. Article *810 1713 provides that a disposition must be understood in the sense in which it can be given effect rather than in the sense which would render it null. Article 1715 provides that when the terms of the will are such that the intention of the testator cannot be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention. It is evident from the judge's written reasons that he felt that Article 1573 was not applicable to the facts of this case, particularly in light of the presumption against intestacy and the above mentioned rule that a disposition be understood in the sense in which it can have effect.
We feel that a strained construction of paragraph 7 of the will has been given in using the above mentioned rules, and the courts are not authorized to construe words in a way which deviates from the clear intent of the testatrix in search of a supposed intention of the testatrix.
The bequests made by the testatrix are free from ambiguity. Paragraph 2 of the will is a bequest to the three children of the husband of the testatrix, wherein she uses the words "give and bequeath." Paragraph 4 is a bequest of immovable property to Mrs. Arguello, wherein the terms "give and bequeath" are again used by the testatrix. Paragraph 5 is a continuation of the bequest contained in paragraph 4, and provides for Mrs. Arguello to have another parcel of immovable property. Paragraph 6 contains a bequest of immovable property to the niece of the testatrix, and again the terms "give and bequeath" are used by the testatrix.
The terminology used by the testatrix is changed only in paragraphs 1, 3 and 7 of the will. Paragraph 1 is a request that all just debts be paid: "I desire all my just debts be paid." Paragraph 3 contains instructions for the sale of movable property and for the distribution of the money derived from the sale: "Contents of home not included. I desire the contents, after all who are interested have made their choice of what they want, to be sold and the money derived from sale be given to the Cripple Children, and Masonic Home." A dispositive intent is clear from the language used in this paragraph.
Paragraph 7 of the will, quoted above, indicates a desire on the part of the testatrix that the money in the checking account and the two bank certificates be handled as Mrs. Arguello sees fit. If this had been intended as a bequest in favor of Mrs. Arguello, individually, it seems apparent that the testatrix would have used the language contained in the rest of the will. However, she did not state that she "gives and bequeaths" to Mrs. Arguello the cash and the two certificates, but rather stated that she wanted these handled as Mrs. Arguello saw fit.
Forced interpretations are not permissible where the language contained in a will is clear and unambiguous. Succession of Stallings, 197 La. 449, 1 So.2d 690 (1941), Succession of Martin, 262 So. 2d 46 (La.App. 1st Cir. 1972). We are of the opinion that the language contained in paragraph 7 of the will is clear and unambiguous, and that it is in violation of Article 1573 of the Civil Code, and must therefore be read out of the will. Clearly this paragraph provides for the money and certificates to be delivered to Mrs. Arguello with a request that she choose how they are to be distributed. Therefore it is not the will of the testatrix, but rather the will of Mrs. Arguello that is to determine the disposition of the property involved.
For the reasons assigned the judgment of the trial court is reversed and the case is remanded to the trial court for disposition in conformity with this decision. Costs of this appeal are assessed to appellee, and all other costs are to be assessed by the trial court on remand.
Reversed and remanded.