BOUTALL, Judge.
The daughter of the decedent sought a declaratory judgment to the effect that a provision in the Will “I wish my estate to be liquidated and reduced to cash * *” is precatory and is of no legal effect. The trial court found that the request was a mandate of the testator to be given full force and effect and the daughter appeals.
The law governing this issue is stated in the Succession of Barry, 250 La. 435, 196 So.2d 265 (La.1967) and we quote 196 So.2d 268:
“[1,2] A testator’s mere wishes and requests are viewed as precatory suggestions which are not binding in law. Succession of Hall, 141 La. 860, 75 So.2d 802; Girven v. Miller, 219 La. 252, 52 So.2d 843; Succession of Maguire, 228 La. 1096, 85 So.2d 4. And it is well recognized that while the words ‘wish’ and ‘desire’ may be used in such a way as to constitute a part • of a precatory suggestion, these same words, in the context in which they are used, may also be mandatory or disposi-tive, as was very aptly observed by the Court of Appeal for the Fourth Circuit in Heikamp v. Succession of Solari, La.App., 54 So.2d 347, citing as authority Jacob v. Macon, 20 La.Ann. 162; Dufour v. Deresheid, 110 La. 344, 34 So. 469, and Succession of Hall, 141 La. 860, 75 So. 802. To this same effect, see, also, the following decisions from other circuits: Oroszy v. Burkard, La.App., 158 So.2d 405 (third); and Succession of Gafford, La. App., 180 So.2d 74 (second).
“[3] In the Solari case the court observed that no ‘* * * case has laid down or could lay down a fixed rule that the word “wish” should always be interpreted as disposing of property, or, on the other hand, that it should always be interpreted as precatory. The entire context of every will must be taken into consideration and from the whole document it must be determined whether the expression of the wish was intended to be merely precatory or was intended by the testator to actually dispose of property.’ *CMLXII See, also, Succession of Allen, 48 La.Ann. 1036, 20 So. 193; 55 Am.St.Rep. 295; Gueydan v. Montagne, 109 La. 38, 33 So. 61; Succession of Fath, 144 La. 463, 80 So. 659; Succession of LaBarre, 179 La. 45, 153 So. 15; Succession of Price, 202 La. 842, 13 So.2d 240; Succession of Lacoume, 205 La. 511, 17 So.2d 726; Succession of Kamlade, 232 La. 275, 94 So.2d 257; and Thompson on Wills, Section 215, at page 333. (The emphasis has been supplied.)”
In response to those principles, we refer to the Will to determine if the word “wish” is used as part of a precatory suggestion or as a mandate of the testator. We quote the pertinent portion of the Will:
“My name is JESSE R. JONES, this is my last Will and Testament, revoking all others. It is my wish that all of my bills and obligations be paid out of my estate. I wish my estate to be liquidated and reduced to cash and accordingly, I appoint, nominate and designate JOHN D. JONES, my brother, as Executor of my estate.
“I give and bequeath $3,000.00 to DEAN REAGAN McCLOSKEY.
“I give and bequeath $4,000.00 to LON McCLOSKEY."
“I give and bequeath $3,000.00 to GLENN McCLOSKEY.
“I give and bequeath $3,000.00 to MICHAEL J. SINGLETON.
“I give and bequeath $3,000.00 to BARBARA J. SINGLETON.
“I give and bequeath to my daughter her legitime only.
“The balance of my estate I give and bequeath to my brothers and sisters to be divided between them equally and if any of my brothers or sisters should have predeceased me then his or her share shall go to his or her children.”
In arriving at our conclusion, we also refer to the general rules for the interpretation of legacies and particularly Louisiana Civil Code Articles 1712 and 1713. We point out that the questioned clause is contained in a sentence which appoints the testator’s brother as executor. Appellant argues to us, and the descriptive list filed by appellant in the record shows, that the decedent’s estate consists of 300 shares of stock in Jesse R. Jones Development Corporation, which owns and operates real estate as its main interest, and of some four portions of immovable property. Considering the cash legacies made, the bequeathing to the daughter her legitime only, and the balance of the estate to be divided amongst the brothers and sisters, it is apparent that the testator intended to mandate the reduction of his estate to cash for ease in disposition.
Additionally, we refer to the Code of Civil Procedure, Articles 3261 and 3262 which have superseded Civil Code Articles 1668 and 1669, and which grant authority to the succession representative to sell succession property in order to pay debts and legacies. It is apparent that the testator intended to make certain of his executor’s authority to sell and make proper disposition of the estate.
Appellant does not argue that, and we do not consider whether, the testator’s mandate to reduce all assets to cash can be defeated by a forced heir.
Accordingly, we affirm the judgment appealed from.

AFFIRMED.