WATKINS, Judge,
dissenting.
This case involves a classic trust for mixed private and charitable purposes, which is specifically permitted by the language of the Louisiana Trust Code. See LSA-R.S. 9:1951. Those provisions of such a trust that are charitable or religious in nature are not subject to the Trust Code but rather are governed by LSA-R.S. 9:2271 through 9:2337, which governs charitable trusts. The charitable trust is of very ancient vintage in Louisiana. See, e.g. Girard v. City of New Orleans, 2 La.Ann. 897 (1847); State v. McDonogh’s Executors, 8 La.Ann. 171 (1853). For obvious reasons, the beneficiaries of a charitable or religious trust need not be designated with the precision and clarity required in the case of a private express trust. McDonogh, supra; Comments of Louisiana State Law Institute under LSA-R.S. 9:1951. It should further be noted that Comment (b) of the Louisiana State Law Institute under LSA-R.S. 9:1803 specifically excepts trusts for mixed private and charitable purposes from the requirement that the beneficiary be “living and ascertainable” on the date of creation of the trust. Hence, the charitable or religious beneficiaries are sufficiently provided for under the requirements set for those beneficiaries in the case of a mixed trust.
As to the holding that the designation of the religious or charitable beneficiaries is merely precatory, it should be noted that use of the word “may” or “wish” is disposi-tive in certain contexts. See Succession of Jones, 377 So.2d 881 (La.App.4th Cir. 1979). Clearly providing that the trust property *1265 “in the discretion of the trustee, may be used” for alternate charitable purposes is a dispositive not a precatory clause, as it means the property shall be used for one charitable purpose or the other.
Accordingly, I find the charitable provisions of the trust do not fail, but are fully valid.
I respectfully dissent.