617 So.2d 34 (1993)
SUCCESSION OF Louis Ferdinand DIAZ, Jr.
No. 92-CA-1540.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*35 Morris B. Phillips, Phillips & Vesy, New Orleans, for appellant.
Gerald J. Martinez, Metairie, for appellees.
Before CIACCIO, WARD and LANDRIEU, JJ.
CIACCIO, Judge.
This is a suit for declaratory judgment brought in these succession proceedings seeking interpretation of decedent's olographic will. For the reasons stated, we reverse the judgment of the trial court.
Louis Ferdinand Diaz, Jr. died on April 24, 1990 in Orleans Parish. Prior to his death, on April 20, 1990, decedent executed an olographic testatment, a copy of which is attached hereto as Appendix A. On December 18, 1990, Nicole Diaz Divine, decedent's only child, filed a petition for declaratory judgment naming as defendants decedent's sister, Joan Bachemin, and Dorothy Clement, a friend with whom decedent resided. In her petition, Mrs. Divine sought to be declared the sole heir of the decedent and owner of the entire residue of decedent's estate, subject to the particular bequest of movable property made to Dorothy Clement, as enumerated in decedent's will.
Decedent's will was subsequently admitted to probate, and by stipulation of the parties, the matter was submitted on written memorandum and argument of counsel without testimony of witnesses. On April 8, 1992, the trial court rendered judgment decreeing that Nicole Divine was entitled to one-fourth of the active mass of decedent's estate as a forced heir, with no impingement on her legitime. The court further held that Mrs. Clement was a particular legatee of decedent's movables together with $55,000.00 in cash. The court stated that decedent's remaining assets fell intestate, to be distributed according to law.
Mrs. Divine now appeals. The sole issue presented for our review is whether the trial court erred in finding that Dorothy Clement is entitled to $55,000.00, cash, as a particular legacy. At issue is the meaning of the following words in decedent's will:
"I further wish my sister (one and only) to give to Dot the sum of $45,000 for my father's house and a fair price, $10,000 for my truck should she desire to purchase this for my nephew."
*36 Appellant argues that the wording of the will does not constitute a bequest, but are precatory suggestions which are not binding in law. Mrs. Clement and Mrs. Bachemin contend that the document expresses the intent of the testator to give his interest in his father's house and his truck to Mrs. Clement, and should be upheld.
The law is clear that a testator's mere wishes and requests are viewed as precatory suggestions which are not binding in law. Succession of Hall, 141 La. 860, 75 So. 802 (1917); Succession of Maguire, 228 La. 1096, 85 So.2d 4 (1955). Precatory expressions are words requesting or praying that a thing be done. Wheeler, The Louisiana Law of Charities, 15 Tul.L.Rev. 177, 197 (1941).
However, there is no fixed rule that the use of the word "wish" in a testament should always be interpreted as disposing of property, or on the other hand, that it should always be interpreted as precatory. The entire context of every will must be taken into consideration and from the whole document it must be determined whether the expression of the wish was intended to be merely precatory or was intended by the testator to actually dispose of the property. Succession of Barry, 250 La. 435, 196 So.2d 265 (1967), citing Heikamp v. Succession of Solari, 54 So.2d 347 (La.App. 4th Cir.1951).
There are several decisions in which Louisiana courts have held expressions similar to the one used here to be precatory; for instance, in Succession of Hall, supra, the following is quoted from the will: "But it is my wish and earnest request of my husband * * * that at his death he must will and return back all of my property * * * to my brothers * * *."
In Succession of Maguire, supra, the court found the following language to be precatory: "To my cousin Agnes * * * I would like the trustee to give her every month the rent of one of the tenant houses * * *."
In Heikamp v. Solari, supra, the will reads as follows: "I leave all of which I die possessed to my sister, * * * and at her passing I wish my niece * * * and my two grandnieces * * *, to inherit share and share alike." In that case the Court upheld the trial court's finding that the second expression in the will was intended as a precatory request only, and was not a testamentary disposition.
In Succession of Barry, supra, the court found the following language contained in a codicil to the will to be precatory and not binding within the entire context of decedent's will: "It is my wish and desire, that upon my death, all my assets, * * * be turned over to my wife, * * *." The court concluded that this precatory language did not have the effect of revoking the legacies to his children made previously in the main text of decedent's will.
In the present case, we must refer to the entire context of decedent's will to determine whether the word "wish" is used as part of a precatory suggestion or was intended as a mandate of the testator. In particular, we must consider whether the testator effectively disposed of his interest in his father's house and his truck to Dorothy Clement by the language used in the testament.
It is undisputed that the first provision in the will"I swear that all my possessions in Dot's home * * * are in truth Dot's * * * "is a particular bequest of the enumerated movable property. However, the second provision of the will"I further wish my sister * * * to give to Dot the sum of $45,000 for my father's house and a fair price, $10,000 for my truck should she desire to purchase it for my nephew." merely expresses the desire of the decedent for his sister to give certain sums to Ms. Clement.
However, by the testamentary language, decedent does not confer title to the specified real estate or truck to Ms. Clement, nor does he make a specific bequest of this property to her. Further, there is no bequest of cash stated in the testament. Rather, the testator merely expresses a "wish" that his sister give these sums to Ms. Clement for the described property. We find that the language in the will does not constitute a bequest, but are rather *37 suggestions made to decedent's sister, and are not binding or enforceable.
We have reviewed the decedent's olographic testament and the other documentary evidence introduced at the trial level, and find no legal basis for the trial court's finding. We conclude that the language contained in decedent's will is not dispositive, but merely precatory and without legal effect.
Although the will in this case was written in olographic form without the aid of counsel, and the intention of the testator is to be given paramount importance, we cannot say, based on the language in the testament, that the testator effectively disposed of the subject property to Dorothy Clement. There was no witness testimony presented at trial, and the trial court therefore did not make credibility determinations concerning decedent's intent in drafting this will.
The only evidence presented for our review is the testament itself, and we find, as a matter of law, that the language concerning decedent's property other than the specifically enumerated movable property which was bequeathed to Ms. Clement, does not constitute a testamentary disposition. These expressions are not binding on decedent's sister or his forced heir. We conclude that the finding of the trial court that this testamentary language constituted a particular legacy of $55,000.00 to Dorothy Clement is clearly wrong. Accordingly, this portion of the judgment is reversed.
The only valid testamentary disposition in decedent's will confers the ownership of the enumerated movable property in Ms. Clement's house on Ms. Clement. The remainder of decedent's estate is without a valid testamentary disposition and devolves by operation of law.
LSA-C.C. art. 888 provides that descendants succeed to the property of their ascendants, and as Nicole Diaz Divine is the sole and only descendant of the decedent, she succeeds to the residue of decedent's estate, subject to the testamentary disposition of the movable property enumerated in decedent's will.
REVERSED AND RENDERED.
*38